IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARGARITO RIOS TORREZ, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-00010-JD |
| ) | |
| CHRIS BAYLES; DENNIS GAY; ) | |
| WAURIKA COUNTY JAIL; ) | |
| ALICEN BUCKHOLDS; and ) | |
| DAVID HAMMOND, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is a Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Shon T. Erwin on January 31, 2023, recommending Plaintiff Margarito Rios Torrez, Jr.'s claims against Defendants Waurika County Jail and David Hammond be dismissed with prejudice, and his claims against Defendants Chris Bayless, Allison Spears Buckholts, and Dennis Gay be dismissed without prejudice. [Doc. No. 9 at 4–8].[1]

Judge Erwin advised Mr. Torrez of his right to object to the Report and Recommendation by February 17, 2023. [Doc. No. 9 at 8]. He also warned Mr. Torrez that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal findings and recommendations in the Report and Recommendation. [*Id.*]. Mr. Torrez did not object to the findings or

---

[1] In the complaint, Plaintiff has referred to Mr. Bayless as "Chris Bayles" and Ms. Spears Buckholts as "Alicen Buckholds." *See* [Doc. No. 1]. In this Order, however, the Court will use the correct spelling of the Defendants' names.

recommendations of Judge Erwin in the Report and Recommendation, but he sent several letters referencing the return of his filing fee. [Doc. Nos. 10–14].[2]

With no objection to the Report and Recommendation being filed,[3] and upon review, the Court ACCEPTS the Report and Recommendation [Doc. No. 9]. Accordingly, the Court DISMISSES Plaintiff's claims against Defendants Waurika County Jail and David Hammond with prejudice and DISMISSES Plaintiff's claims against Defendants Chris Bayless, Allison Spears Buckholt, and Dennis Gay, without prejudice.

---

[2] Mr. Torrez's letters appear to seek a refund of the filing fee paid for his complaint. *See* [Doc. No. 6]. Although the Court has reviewed all of Mr. Torrez's submissions, these letters do not relate to the pending Report and Recommendation before the Court. And these letters do not strike the Court as a motion because they fail to state with particularity the grounds for seeking the relief sought. *See* Fed. R. Civ. P. 7(b)(1). The Court notes, however, solely for Mr. Torrez's benefit, and given he has written multiple letters on this topic, that filing fees do not appear to be refundable. *See* Guide to Judiciary Policy, Vol. 4, Ch. 6, § 650.10, *available at* https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-4-court-and-case-administration/ch-6-fees#650 (last accessed Mar. 31, 2023) (explaining that the "current policy on refunding filing fees, in effect since 1949, has been broadly interpreted to generally prohibit refunds of fees due upon filing, even if a party filed the case in error or the court dismissed the case or proceeding"); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"). Although not binding on this Court, another judge in this circuit denied a motion for refund of filing fees after the plaintiff paid filing fees for eleven separate cases and then the court consolidated the cases into one case. That court relied on the Guide to Judiciary Policy, noted above. *See Mackin v. OM SAI Corp.*, No. 1:21-cv-1052 JFR/KRS, 2021 WL 5937589, at *1 (D.N.M. Dec. 16, 2021).

[3] By rule and statute, the Court reviews "de novo any part of the magistrate judge's disposition *that has been properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*.") (emphasis added).

IT IS SO ORDERED this 31st day of March 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE